**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD ALLEN HAMMONDS, II,    ) | Civil Action No 2: 18-cv-1389 |
|         Plaintiff,    ) | |
|    ) | Chief United States Magistrate Judge |
| v.    ) | Cynthia Reed Eddy |
|    ) | |
| ALLEGHENY COUNTY BUREAU OF    ) | |
| CORRECTIONS, *et al.,*    ) | |
|         Defendants. | |

## ORDER DENYING PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDER[1]

**AND NOW**, this 15th day of August, 2019, upon consideration of Plaintiff's second motion for a temporary restraining order (ECF No. 49), Defendants' Response (ECF No. 51), with attached Exhibits, and Plaintiff's Reply (ECF No. 52), the Court finds that Plaintiff has not met the burden required for grant of injunctive relief.

This is Plaintiff's second request for a temporary restraining order (TRO). In his first request, Plaintiff requested (1) additional time to submit a reply brief to Defendants' pending motion to dismiss; and (2) a status conference and/or temporary restraining order hearing to ensure that he has access to his incoming mail going forward. The Court denied his request

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties who have been identified have been served and have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and entry of judgment. *See* ECF Nos. 25 and 36. There remain two "John/Jane Doe Defendants": John Doe/Jane Doe Mailroom and John Doe, Registered Nurse "Nurse Jim." While unserved and identified defendants generally must consent for a magistrate judge to exercise jurisdiction based on "consent of the parties" under that statute, the Court is not aware of any decision holding that consent is necessary from defendants who are both unserved and unidentified. The Court therefore concludes that consent of the unserved Doe Defendants in this case is not necessary to proceed under § 636(c).

finding that Plaintiff had not met his burden of demonstrating that the grant of injunctive relief was appropriate. Order of April 15, 2019 (ECF No. 47).

Plaintiff's second request for a TRO meets the same fate as his first request. In this motion, Plaintiff alleges that Defendant Sergeant Slaby and Correctional Officer Jason Arlotta (who is not a defendant in this case) have engaged in the following retaliatory actions: (i) targeted him for a retaliatory "shakedown of his cell;" (ii) thrown him into "punitive segregation on a bogus misconduct charge;" (iii) refused him access to his attorney, and (iv) refused to reimburse him $1200 for his stolen Givenchy shoes. As relief, he seeks an Order that (i) Defendants cease "targeting" his cell for "shakedowns"; (ii) Defendants cease denying him access to courts; (iii) he be reimbursed $1200.00 for his stolen property; and (iv) that he be released from segregation.

Before turning to the merits of the motion, Plaintiff is cautioned that, as a litigant in this Court, he is expected to behave with appropriate civility, no matter his personal opinion of the other litigants or their attorney, and no matter how strongly that opinion is held. Plaintiff is advised that the Court will strike future pleadings containing any disparaging comments or statements directed towards the other litigants or their attorney.

Next, the Court notes that with regard to Plaintiff's allegations regarding his $1200 insurance claim for stolen property, Plaintiff has articulated a cause of action that is completely separate and distinguishable from his current lawsuit. There is nothing preventing Plaintiff from seeking relief through ACJ's grievance process,[2] or through the commencement of a new lawsuit. Further, our appellate court has held that an award of money damages is generally not an appropriate form of injunctive relief. *See, e.g., In re Arthur Treacher's Franchisee Litigation*,

689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law.").

And third, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. *See Weaver v. Wilcox*, 650 F.2d 22, 27 n. 13 (3d Cir. 1981). Because Plaintiff is no longer being housed in RHU for disciplinary reasons, to the extent that he is requesting that he be released from segregation, the motion has been rendered moot. The Court notes that after Plaintiff was released from the RHU, he requested to be placed in protective custody on May 30, 2019.

Turning to the merits, as previously explained, injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson–Merck Consumer Pharms. Co.,* 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted). The Court must consider four (4) factors in determining whether to grant Plaintiff's motion for TRO: (i) a reasonable probability of success on the merits; (ii) irreparable harm if not granted; (iii) that the issuance would not result in greater harm to the non-moving party; and (iv) that the public interest would best be served by granting the injunctive relief sought. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997). A plaintiff must establish that all four factors favor preliminary relief. *Opticians Ass'n of America v. Independent Opticians of America,* 920 F.2d 187, 191-92 (3d Cir. 1990). Applying these four factors to this matter, the Court concludes that Plaintiff has failed to make the required showing to justify the extraordinary remedy of injunctive relief.

The Court finds that Plaintiff has not met his burden with respect to the first prong because he has failed to establish a reasonable probability of success on the merits. Plaintiff has

---

[2]    Plaintiff indicates that he has filed three grievances about his stolen property and was told

3

cited little evidence to support his claims, and the Court has little more than bare, conclusory allegations upon which to base its judgment. *See Young v. Medden*, 241 F. App'x 45, 47 (3d Cir. 2007) (upholding denial of TRO were prisoner provided no evidence, outside of his allegations, to support his claim of wrongdoing).

Defendants persuasively have rebutted Plaintiff's allegations by demonstrating that Plaintiff's cell was inspected on May 17, 2019, not because of a retaliatory reason, but rather because C/O Arlotta smelled burning paper coming from Plaintiff's cell and later discovered that Plaintiff's cell was filled with smoke. During the inspection of his cell, multiple items that ACJ categorizes as nuisance contraband were identified and seized. Plaintiff was issued a misconduct and sent to ACJ's RHU unit, Pod E, Cell 218. On May 30, 2019, he was released from the RHU and transferred to a less restrictive unit (Pod D, Cell 220), at which time he requested protective custody. The following day, his request was granted and he was transferred to Pod E, Cell 113.

As for Plaintiff's allegations that he has been denied access to the courts, Plaintiff does not allege that he has been barred from communicating with his attorney or that Defendants have taken any other actions to prevent him from attempting to contact his attorney. He simply claims that he does not have his attorney's contact information. This allegation does not warrant court intervention.

Even if the Court concludes that the second factor weighs slightly in Plaintiff's favor, the third and fourth factors do not. *See Young,* 241 F. App'x at 47 (3d Cir. 2007) (upholding denial of TRO where district court found the second factor weighed slightly in the plaintiff's favor but the other factors weighed against). "A request for injunctive relief in the prison context 'must always be viewed with great caution because judicial restraint is especially called for in dealing

---

that he would be reimbursed.

with the complex and intractable problems of prison administration." *Bailey v. Gagnon*, No. CIV.A. 06-1154, 2009 WL 982694, at *2 (W.D. Pa. Apr. 9, 2009) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1982)).

Courts generally do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated. Cell searches, along with the seizure of contraband, are reasonably related to the legitimate penological interest of maintaining institutional security, and Plaintiff has not shown that an injunction is necessary at this time. Harm to the nonmoving party and the public interest thus weigh against the grant of a temporary restraining order. Because Plaintiff has not met his burden on the first, third, and fourth factors, the Court must deny the request for a temporary restraining order.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's second motion for a temporary restraining order is **DENIED**.


<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
Chief United States Magistrate Judge


cc:    RICHARD ALLEN HAMMONDS
136752
ALLEGHENY COUNTY JAIL
950 2ND AVE
PITTSBURGH, PA 15219
(via U.S. First Class Mail)

Lee M. Dellecker
Allegheny County Law Department
(via ECF electronic notification)